**FILED**

JAN 11 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

1  **Ross Shade, Pro Se**
2  **26 Gibson Rd**
3  **Woodland, CA 95695**
4  **Tel. 530-555-4817**

5  **IN THE UNITED STATES DISTRICT COURT FOR**
6  **THE EASTERN DISTRICT OF CALIFORNIA**
7
8  ROSS SHADE                                   **2: 0 7 - CV - 0 0 7 0 FCD DAD PS**
9      Plaintiff                          )        **CASE No. __**
10 vs.                                     )
11 State of California                     )
12 Superior Court in and for the County of Yolo   )   **COMPLAINT**
13 Appellant Division of the Superior Court of Yolo )
14 Bank of America N.A. USA                )
15 Capital One Bank                        )
16 Citibank (South Dakota) N. A.           )
17 Direct Merchants Credit Card Bank       )
18 Discover Bank                           )
19 Wells Fargo Bank N.A.                   )
20 Debt Buyers Association a Non Profit Corporation )
21 Debt Marketplace, Inc.                  )
22 Resource Management Services, Inc.      )
23 Michael Bendickson                      )
24 Stuart Blatt                            )
25 Michael Cushing                         )
26 Kristin Dougherty                       )
27 Dennis Hammond                          )
28 Judy M. Hammond                         )
29 Roger Knauf                             )
30 Ronald Lavin                            )
31 Barry Lockwood                          )
32 Richard Munoe                           )
33 Gary Wood                               )
34 Metris Companies Inc.                   )
35 Eskanos & Adler, a Professional Corporation )
36 Michael S. Hunt, Esq.                   )
37 Patenaude & Felix, a Professional Corporation )
38 Flint C. Zide, Esq.                     )
39 Does 1- 1000 _____   /

1   **IN THE UNITED STATES DISTRICT COURT FOR**

2   **THE EASTERN DISTRICT OF CALIFORNIA**

3   ROSS SHADE

4       Plaintiff                                         **CASE No.** __

5   vs.

6

7   State of California

8   _____/   **SCHEDULE OF PARTIES**

9

10

11  State of California, (Constitutional issues)

12      Attorney General of the State of California

13      1300 I St., Ste.1740, Sacramento, CA 95814

14

15  Superior Court in and for the County of Yolo (Declaratory relief)

16      725 Court St., Woodland, CA 95695

17

18  Appellant Division of the Superior Court of Yolo (Declaratory relief)

19      725 Court St., Woodland, CA 95695

20

21  Bank of America N.A. USA  (Damages)

22      1825 East Buckeye Rd., Phoenix, AZ 85034

23

24  Capital One Bank (Damages)

25      11011 West Broad St., Glen Allen, VA  23233

26

27  Citibank (South Dakota) N. A. (Damages)

28      701 E 60th St. North, Sioux Falls, South Dakota 57117

29

30  Direct Merchants Credit Card Bank (Damages)

31      No known address or successor in interest.

32

33  Discover Bank (Damages)

34      100 West Market Street, Greenwood, DE  19950

35

36  Wells Fargo Bank N.A. (Damages)

37      101 N Phillips Ave., Sioux Falls SD  57104

38

39

Shade v State of California

2

1  Debt Buyers Association a Non Profit Mutual
2  Benefit Corporation (Damages)
3      10440 Pioneer Blvd. Suite 2, Santa Fe Springs, CA 90670
4
5  Resource Management Services, Inc. (Successor in interest to Debt Buyers
6  Association a Non Profit Corporation.)
7      c/o Judy M. Hammond, President & Agent for Service of Process.
8      10440 Pioneer Blvd. Suite 2, Santa Fe Springs, CA 90670
9
10 The Debt Marketplace, Inc. (Successor in interest to Debt Buyers
11 Association a Non Profit Corporation.)
12     c/o Dennis Hammond, President
13     10440 Pioneer Blvd. Suite 2, Santa Fe Springs, CA 90670
14
15 Dennis & Judy M. Hammond (damages) (As Executive Director of Debt
16 Buyers Association and present officers of Resource Management Services,
17 Inc., Debt Marketplace, & other.)
18     10440 Pioneer Blvd Suite 2, Santa Fe Springs, CA 90670
19
20 Michael Bendickson, (damages) (As Director or former director of Debt
21 Buyers Association)
22     c/o Absolute Resolutions Corporation
23     2667 Camino Del Rio South, Suite 200, San Diego, CA 92108
24
25 Stuart Blatt, (damages) (As Director or former director of Debt Buyers
26 Association)
27     c/o Margolis, Pritzker & Epstein
28     405 E. Joppa Rd. #100, Baltimore, MD 21286-5487
29
30 Michael Cushing (damages) (As Director or former director of Debt Buyers
31 Association)
32     c/o Debt Buyers Association
33     10440 Pioneer Blvd Suite 2, Santa Fe Springs, CA 90670
34
35 Kristin Dougherty (damages) (As Officer or former officer of Debt Buyers
36 Association)
37     c/o Debt Buyers Association
38     10440 Pioneer Blvd Suite 2, Santa Fe Springs, CA 90670
39
40 Roger Knauf (damages) (As President or former officer of Debt Buyers
41 Association)
42     c/o Fourscore Resource

3

1        7900 Highway #7, San Louis Park, MN 55426-4049
2
3    Ronald Lavin (damages) (As Secretary or former officer of Debt Buyers
4    Association)
5        c/o Arrow Financial Services LLC
6        5996 W Touhy Ave. Niles, IL 60714
7
8    Barry Lockwood (damages) (As Director or former director of Debt Buyers
9    Association)
10       c/o Fourscore Resource
11       7900 Hwy #7, St. Louis Park, MN 55426-4049
12
13   Richard Munoe (damages) (As Director or former director of Debt Buyers
14   Association)
15       c/o Capital Financial Group, Inc.
16       7875 Convoy Ct. Suite A-2, San Diego, CA 92111
17
18   Gary Wood, (damages) (As Vice President or former officer of Debt
19   Buyers Association)
20       c/o Collins Financial Services Inc.
21       2101 W. Ben White Blvd. Suite 103, Austin TX 78704
22
23   Eskanos & Adler, A Professional Corporation (damages)
24       2325 Clayton Rd., Concord, CA 95520
25
26   Metris Companies Inc. (damages) (As successor in interest to Direct Merchants
27   Credit Card Bank)
28       10900 Wayzata Blvd., Minnetonka, Minnesota 55305-1534
29
30   Michael S. Hunt, Esq. (damages)
31       c/o Hunt & Henriques
32       151 Bernal Rd. Suite 8, San Jose, CA 95119-1306
33
34   Patenaude & Felix, A Professional Corporation (damages)
35       4545 Murphy Canyon Rd. 3rd. Floor
36       San Diego, CA 92123
37
38   Flint C. Zide, Esq. (damages)
39       c/o Harris & Zide
40       1445 Huntington Dr. Suite 300
41       South Pasadena, CA 91030-4553
42

4

1 **COMPLAINT**

2 In accordance with 28 USC 1343(3) plaintiff presents this action to recover

3 damages arising for deprivation of rights under the U.S. Constitution, laws

4 of the United States, including in part based on diversity of citizenship for

5 damages in excess of $75,000 where defendants are citizens of different

6 states under 28 USC 1332 including corporations that may or may not be

7 deemed to be citizens of a foreign state. Defendants other than the State of

8 California, Superior Court and Appellant Division of the Superior Court

9 (may be included here under 28 USC 1367) if they are associated with

10 actions brought wherein plaintiff's rights to equal protection of the law,

11 anti-trust laws or other have been violated, or for acts involving the sale of

12 personal data that may include social security numbers. Plaintiff is seeking

13 damages from those parties that have caused great harm to himself by

14 reason of frivolous litigation or these *others* may have violated the

15 California Business Code Sections 6128 and 6129 (State Bar Sections) and

16 California Penal Code Section 158 as *common barratry*. More than just

17 frivolous litigation, unequal treatment of the old and the poor who can not

18 defend themselves in court, has occurred. The courts have allowed this to

19 happen. This common barratry should not go unpunished and should not be

20 allowed to continue. (Ref. www.BullaloNews.com/editorial/20060725

21 "Wide-open market for debts feeds abusive tactics")

1          **INTRODUCTION**

2    IN THE U.S. SUPREME COURT the case of Ross Shade v. Citibank

3    (South Dakota) N. A., (Case No. 06-8489) was placed on the docket on

4    December 27, 2006.

5          Notice of the above was received by plaintiff on January 3, 2007.

6    This petition for a writ of certiorari was to the decision of the Appellant

7    Division of the Superior Court of the Superior Court of the County of Yolo.

8    The California Supreme Court, first refused to consider an appeal, as did

9    the Appellant Court of California for Third District, and the California

10   Supreme Court then again refused to hear the appeal a second time.

11         The above case was filed because there is no right to any appeal to

12   decisions of the Appellant Division of Superior Courts. The following

13   includes much of the same facts and arguments, but the case in the U.S.

14   Supreme Court pertains only to the questions raised in that one case and to

15   the social problems caused by actions of these defendants as reason to find

16   that decision of the Yolo County Superior Court should be reversed or

17   dismissed.

18         But plaintiff has suffered substantial damages and is asking this

19   court to award compensatory and punitive damages and provide a final

20   resolution to cases that are still pending before the Appellant Division of

21   the Superior Court.

6

1          **LEGAL BACKGROUND**

2     **#1:** In the June 2, 1998 election, California voters approved <u>Proposition</u>

3     <u>220</u> in which, if judges of the Municipal and Superior Courts agreed these

4     courts would be combined. By 2001 the last of the judges in all counties

5     had agreed to do-away with the municipal courts.

6          For the Nov. 2001 election voters were told, (in the Official Voter

7     Information Guide), that all <u>Proposition 48</u> did was remove provisions

8     from the Constitution that were <u>obsolete and needed to be removed</u>. As a

9     result, <u>voters approved Proposition 48</u>. Now, the new court (Appellant

10    Division of the Superior Court) came into existence. This court reviews

11    civil cases where the amount sought and value of property involved are less

12    than $25,000 but are for more that a nominal amount.

13         **QUESTION PRESENTED:** Where the reviewing court reviews civil

14    (limited) cases, and reviewing court is made up of only judges <u>of the same court</u>

15    <u>from which appeal is taken</u>, does this violate defendant's fundamental rights?

16         Voters had already rejected the changes made by Prop.220 several times.

17    If they, the voters, had known this segregation (based on the amount of $25,000)

18    was to take place they might well have rejected Prop 220 again. If a voter had

19    known that the reviewing court was to be made up of the same judges as had just

20    ruled against a party in the Superior Court, then Prop 220 would <u>not</u> have been

21    passed and if the voter had realized that there was <u>no</u> appeal to have an

7

1    *independent* reviewing court, most would have rejected it. But voters had no

2    choice. After 220 had passed they, including myself, voted to delete provisions

3    of the constitution that were *no longer needed*. I did not know better and have

4    only now discovered that there is no right to an appeal even to the U.S. Supreme

5    Court for all civil cases in California where the amount for which the complaint

6    is filed is for less than $25,000. Important people and interests are allowed equal

7    justice before the courts. But even then only if their cause of action is for more

8    than $25,000.

9    This new reviewing court (i.e. The Appellant Division of the Superior

10    Court of Yolo County) in reaching its decision refused to consider questions of

11    bias, abuse of discretion, subject matter jurisdiction, and refused to consider

12    requests for judicial notice of facts of generalized knowledge or facts and

13    propositions that are not reasonably subject to dispute and are capable of

14    immediate and accurate determination. Defendant could not afford to pay an

15    attorney to represent him in court when unable to attend the trial and court

16    refused to consider in lieu presentation at trial.

17    **#2:**    Petitioner is one of an increasing number of older citizens who become

18    delinquent on payment of credit card debt, and are unable to obtain an attorney

19    to assist in defense.

20    But it is not just the elderly that are being subjected to abusive collection

21    practices by *debt buyers*. These are debt collectors who will acquire any chose

1    in action with the intent to collect in courts, even when the accounts are not

2    really payable to the seller of the data. This is a purchase of *data* that may

3    usually including *social security numbers* as well as the addresses and telephone

4    numbers and other personal data concerning credit card transactions. Seller of

5    the information may be banks, or it may be other debt buyers who have acquired

6    permission to try and collect in the name of the bank. These are generally under

7    $75,000 and must be brought in state courts and generally under $25,000 so

8    might not be appealed in other than the Appellant Division. If acquired by a debt

9    buyer located in another state the data may be assigned to a debt collector

10   attorney in California. These collections may even include debts for which

11   litigation is bared by the statute of limitations. Threats are at times made to

12   family members of deceased persons. [1]

13        The banks named as defendants *herein* may have no financial interest in

14   the litigation by debt buyer in the bank's name. The real owner of the data may

15   have acquired whatever *rights that seller (bank) may have had at the time of*

16   *sale.* The banks are named in this litigation *because they have sold data*, and

17   *should have known how it would be used*, - but have permitted the buyer to use

18   bank's name when debt buyers file the collection action in court. It is not known

---

[1] See www.BuffaloNews.com/editorial/20060725  "Wide-open market for debts feeds abuse tactics". In these cases where, because not represented by an attorney, the party or even a family member says they can not pay the money but admits that they owe the money this *account stated* is a new contract and statute of limitations is said to not apply in a collection action by the plaintiff - even when that party may be a debt buyer. Making a payment on an old delinquent account may have the same effect.

9

1    but is likely that the banks (named as defendants in this complaint) may have

2    provided the social security numbers and even assisted the debt buyers. Debt

3    sellers, however, are usually protected by hold harmless agreements.

4    Plaintiff has included the Debt Buyers Association as a defendant based

5    on admissible evidence showing that names of others, named as defendants in

6    this case, attended Las Vegas trade shows after 2002. Officers and directors of

7    the Debt Buyers Association should have known purchase of *chose in action* was

8    a violation of the California Penal Code section 158. The sole purpose of the Las

9    Vegas trade shows was to facilitate the sale delinquent debt that is frequently

10    amounts shown as receivable by *servicer* of the credit card debt. [2] The Debt

11    Buyers Association invited attorneys to attend. Attorneys became (*directly or*

12    *indirectly*) parties to the transactions involving the sale of data and assignment of

13    the right to collect (*chose in action*) owned by the *servicer*. California State Bar

14    Act Section 6129 is clear. An attorney that directly or indirectly buys a *chose in*

15    *action* is subject to fine and imprisonment. [3]

16    The Yolo County Superior Court seems to be unaware of its role in the

17    growing industry where debt-buyers and their attorneys regularly violate the

---

[2]  When the credit card issuer (Bank) sells the account balances the issuer (Bank) retains
the right to service the account. This *servicer* frequently has no ownership of the account
balance.

[3]  Recent information indicates that anti-trust laws were also being violated and
that Debt Buyers Association has been disbanded but this has not been confirmed.

1   State Bar Rules pertaining to barratry but also their client's violation of the State

2   Penal Codes pertaining to *common barratry.* [4]

3       But this ignorance of these facts by the courts is not the only way that

4   persons, who can not find a qualified attorney, are denied fair and equal

5   treatment in the Superior Court.

6       **QUESTIONS PRESENTED:** Is it a violation of Petitioner's right to

7   equal protection against frivolous litigation by unscrupulous attorneys to allow

8   limited cases wherein: (1) Trial Court allows complaints to be filed without

9   verification by the attorney's client. An officer of corporate plaintiff is not

10  required to sign? (2) The Court allows the plaintiff's attorney to supply all the

11  responses to interrogatories and requests for production of documents. The

12  declarations in support are provided by persons being paid to provide boiler plate

13  declarations? (3) If only limited discovery is allowed (less discovery than other

14  cases that are not limited cases for more than $25,000)? (4) Have no right to

15  appeal to independent higher court after a hearing by a court made up of judges

16  of the same court? (5) Where, when usually without counsel, defendants are

17  provided no special consideration by judges or have the assistance from an

18  ombudsman to help in their defense?

---

[4] The action is filed in the name of the bank even when the bank has sold the right
to bring action on the delinquent account. The real buyer data other than the
attorney is not named as the real plaintiff because they might be sued. Even if the
bank is protected by a hold harmless agreement it should not be a party to this
scam.

1          Plaintiff believes it would be unlikely that any judge sitting as a judge of

2    the Appellant Division of the Yolo Superior Court, or in other *small county*,

3    would not be familiar with the questions presented in a petition for review of the

4    civil cases in that Superior Court. [5]

5          **# 3:**    Plaintiff retired from over 30 years in one profession and thought

6    it would be possible to engage in another using accumulated knowledge and

7    experience to continue to perform a public service helping others. This was in

8    1990. Finding a place in society where this might be accomplished was difficult

9    and some credit card debt was needed when a new company was destroyed when

10   a new communications business encountered hard times. Income was being

11   earned but to reduce expenses a home had to be sold while development of other

12   income progressed. In April 2003 Plaintiff's wife had a medical problem that

13   required a stay in a hospital. An accident occurred while in the care of a skilled

14   nursing facility and in September 2003 Plaintiff had to assume the role as a

15   caregiver. On August 13, 2003 plaintiff sent letters notifying credit card

16   companies that payments would not be forth coming. Since January 2004 much

17   of Plaintiff's time has been required to defend against attorneys that say they

18   have a client that says they have not been paid. The possibility of continuing to

19   earn while also being a caregiver exists, but bankruptcy was not the solution

---

[5] This would be particularly true as is the case here where plaintiff is the first party to file a civil appeal in this Appellant Division of this Superior Court.

1    because plaintiff has to have a home in which to care for the wife and in which

2    to carry on the business ventures that will enable eventual financial recovery.

3         Plaintiff now knows that the credit card banks are required to sell their

4    credit card accounts in order to comply with the regulations (as to liquidity) of

5    the Office of the Comptroller of the Currency. Like other debts, these accounts

6    are sold and the bank has already received payment. The bank continues to

7    service the accounts but accounting rules require that the bank have no

8    continuing interest in the principle balance. Generally, the only interest the bank

9    has is the right to bill and collect payments for which it receives a fee.

10   **QUESTIONS PRESENTED:** Should the true relationships between parties to

11   transactions be ignored simply because the court is unaware that those

12   transactions occur? These are transactions allowed by the Uniform Commercial

13   Code, with the result that securities are being sold when approval by the SEC.

14   Plaintiff believes this is common knowledge of which the Court should be

15   required to take Judicial Notice. Common knowledge should not be just those

16   facts of which the judge is aware.

17                                        * * *

18                          **LIST OF DEFENDANTS**

19        Beside the *State of California*, plaintiff has included:

20   The Superior Court of the County of Yolo. (At this time some cases are

21   pending in the Superior Court where plaintiffs are included as defendants in

13

1    this action. Plaintiff is asking that the State of California be instructed if of

2    the State's Constitution or statutes are in violation of the Amendment XIV

3    of the U.S. Constitution. The United States Supreme Court in numerous

4    cases has called for "fair trials before impartial tribunals in which every

5    defendant stands equal before the law." Plaintiff asks that Court find that

6    unless there is a right to independent appeal decisions of these courts there

7    is no guarantee that each of our *superior* and *appellate* courts will

8    uniformly uphold these principles. Plaintiff believes that the California

9    Supreme Court violated of Amendment XIV of the U.S. Constitution by not

10   accepting plaintiff's appeal. Unless action is taken judgments by the

11   Superior Court might be enforced unless instructed otherwise.

12   Other Defendants - in the order shown:

13       1. Bank of America N.A. USA: This case is the most recent case to

14   be filed plaintiff has knowledge and proof the amount claimed is not

15   payable - and has filed a motion for judgment on the pleadings and

16   alternatively, for reconsideration of demurrer to complaint. The attorneys

17   that are representing Bank of America attended Debt Buyers Association

18   *trade show* in Las Vegas. Bank of American also has been represented at

19   this same trade show. The attorneys also filed two other complaints said to

20   have been brought by Capital One Bank and Discover Bank. This later case

21   has been dismissed but appeal of a Superior Court decision is pending in

14

1    the Appellate Division. Capital One Bank and Discover Bank are shown to

2    have attended this same trade show prior to filing the actions. Modus

3    operandi here is that that these attorneys work with other attorneys or

4    collectors in attendance that buy chose in action with intent to sue.

5        2. Capital One Bank - Judgment was awarded to Capital One Bank

6    after a two-hour trial. A timely appeal was filed with the Appellant

7    Division of the Superior Court some six month ago but Court has failed to

8    set a date for hearing and provide the court records necessary to file the

9    opening brief. On October 26, 2006 Plaintiff filed a Writ of Mandamus

10   asking this court to issue instructions for proceeding in this court and also

11   on that date filed a Writ of Supersedeas asking the Court to take *judicial*

12   *notice* of the Debt Buyers Association and proof that (a) Capital One Bank

13   attended this trade show (b) other attorneys claiming they represent Capital

14   One Bank, and (c) that Counsel and the others also attended this same trade

15   show and that a modus operandi existed. The Appellant Division of the

16   Superior Court has not set a date for hearing nor provided records for

17   preparation of opening brief.  Meantime the attorneys have filed the

18   judgment with the county recorders office.

19       3. Citibank (South Dakota) N.A. filed three separate complains for

20   separate accounts one of which was pertaining to AT&T's Universal Bank

21   calling card / credit card said to have been acquired by a Citibank

1     subsidiary. Only <u>one</u> of the three cases filed has been heard by Appellant

2     Division of the Superior Court. The Appellant Division made up of judges

3     of the Superior Court upheld the Superior Court's decision. A timely appeal

4     was filed, first to the California Supreme Court. When that was rejected a

5     timely Writ was filed with the Court of Appeals. And when that was

6     rejected a Writ of Certiorari was again filed with the California Supreme

7     Court. <u>A timely Writ of Certiorari was then filed with the U.S. Supreme</u>

8     <u>Court that was first rejected on Dec. 12, 2006 but reconsidered and on</u>

9     <u>December 27, 2006 case was placed the case on the docket. No. 06-8489.</u>

10         Two <u>other cases</u> brought in the name of Citibank are in the hands of

11     the Appellant Division. An opening brief was filed in one but in the second

12     the Court has not provided the copy the record or set it for hearing. The

13     Appellant Division has not responded to a writ of Supersedeas in which

14     Plaintiff asked for judicial notice of what Plaintiff believes are Counsel's

15     violations of State Bar Act and penal code section 158 concerning common

16     barratry. This was filed in November 2006 but this Appellant Division of

17     the Superior Court has not responded.

18         4. <u>Debt Buyers Association, A Non Profit Mutual Benefit</u>

19     <u>Corporation,</u> is (or was) one of several big players in the business of

20     promoting litigation for the purpose of earning fees and /or selling

21     admissions to their Debt Buyers / Sellers Annual *Convention* held in years

1    up to Feb. 2005 in Las Vegas. Information provided by this organization

2    shows that the purpose is to allow debt buyers <u>and their attorneys</u> to meet in

3    order to acquire the right to sue. In 2006 (however) Debt Buyers

4    Association disappears from the debt collection trade show field and the

5    Debt Connection Symposium (Expo 2006) appears as well as *The Debt*

6    *Marketplace*, presented by Judy Hammond and Dennis Hammond - the

7    later of which is the former executive director of the non profit corporation

8    (i.e. The Debt Buyers Association).

9    5. <u>Direct Merchants Credit Card Bank</u> was required by the U.S.

10    Comptroller of the Currency to sell all of their account balances to meet

11    liquidity requirements. According to the SEC Form 10-K and public

12    information from the Comptroller of the Currency this information was

13    true. Direct Merchants Credit Card Bank ceased doing business when it was

14    sold) Sale was effective a day or two before the trial. Metris Companies

15    Inc. was the parent company of this credit card bank. Metris Companies

16    Inc. is listed as an attendee at the Debt Buyers Association trade show and

17    appears to have sold the personal data to make it possible for the attorney to

18    file an action to collect for the benefit of an unknown buyer of a chose in

19    action. The Appellant Division of the Superior Court has not responded to

20    Writ of Mandamus filed Oct. 26, 2006 and Writ of Supersedeas also filed

21    on Oct. 26, 2006.

17

1   6. Wells Fargo Bank N.A., this case is pending trial but Plaintiff has

2   again filed a Writ of Mandamus requesting Request for Judicial Notice of

3   facts that are common knowledge or subject to determination by reference

4   to information of reasonably indisputable accuracy. (California Evidence

5   Code Section 453)

6   Here again plaintiff filed writs in hope of preventing the case from

7   going forward.  Wells Fargo Bank attended several of annual conventions

8   of the Debt Buyers Association as did the attorney that has brought filed a

9   complaint. As is part of attorney's modus operandi complaint is not signed

10  by its supposed client. The attorney in this case is Eskanos & Adler who

11  also filed the case for Direct Merchants Credit Card Bank.

12  7. Eskanos & Adler, a Professional Corporation:  This law firm is

13  named because intent to buy accounts directly or indirectly is shown by its

14  presence at the Annual Conventions of the Debt Buyers Association.

15  8. Metris Companies Inc.  This is the parent company of Direct

16  Merchants Credit Card Bank. As required by the U.S. Comptroller of the

17  Currency this company was to buy all credit card account balances. As

18  shown on SEC and other records, Metris Company Inc did buy the account

19  balances and the Direct Merchants Credit Card Bank continued to service

20  the accounts. Metris Company attended the Debt Buyers Association

18

1    annual trade show for debt sellers in Las Vegas same year as attorney listed

2    above.

3        9. Michael S. Hunt, Esq. (*Hunt and Henriques Attorneys*) appeared

4    as attorneys representing Citibank South Dakota, N.A. in two cases. (A

5    substitution of attorney form has been filed as to appeals in the Appellant

6    Court of Yolo County but are not responsible for the actions for which this

7    case has been brought.)

8        10. Patenaude & Felix, a Professional Corporation was responsible

9    for filing cases in which they claimed to be representing Discover Bank,

10   Capital One Bank, and recently, the Bank of America. They attended the

11   Debt Buyers Association annual trade shows on a regular basis. Their

12   *Modus Operandi* includes working with other attendees of that trade show

13   and refused to provide proof that Bank of America is or was their client. On

14   two occasions in prior two cases this firm furnished bogus addresses to

15   plaintiff so as to prevent service on witness at trial. Attorney has filed a

16   notice of abstract of judgment (on which social security number is shown)

17   even though Appellant Court has failed to hear the Appeal or respond to

18   writs that have been filed.

19   11. Flint C. Zide, Esq. appears as the Attorney of record in a third case said

20   to be representing Citibank (South Dakota) N.A. Plaintiff has filed an

21   appeal in the Court of Appeal Third Appellate District which was accepted

19

1    by that court. But objection was made by opposing attorney which resulted

2    in the case being transferred to the Appellant Division of the Superior Court

3    of Yolo County in or about October 2005. No action has occurred by that

4    reviewing court. This party has been named as a defendant based on the

5    information and belief that Citibank (South Dakota) N.A. was not a real

6    party in interest and that a chose of action was acquired by an unknown

7    party known only by this defendant.

8    12. Officers and Directors of the Debt Buyers Association, a Non

9    Profit Mutual Benefit Corporation (each listed above as a party). Plaintiff

10    believes a corporation can not be guilty of a violation of the penal statute

11    (California Penal Code Section 158) it is necessary to name the Officers

12    and directors who are responsible for those violations. Those parties that

13    are shown are located in various states. (See Schedule of parties preceding

14    page 2.) But these may not be all the parties. Current information is that

15    Debt Buyers Association may have been disbanded with another

16    organization taking its place. Some of the same officers and directors may

17    be part of these new organizations. Resource Management Services having

18    one or more of the same officers or directors is advertising a 2007 Show

19    and promises to instruct attendees on how to avoid restrictions caused by

20    Anti-Trust statutes. The Non profit mutual benefit corporation may or may

21    not be in existence. But at December 31, 2005 this organization had

1    $1,479,431 in cash in bank. Executive director Dennis Hammond has also

2    been named as a defendant. Two new corporations have been organized at

3    the same address of which of which he and his wife are each named as the

4    president. With the exception of allowing only either debt buyers or debt

5    sellers as members the *modus operandi* appears the same as used by the

6    non profit organization. The Officers, Directors, and Executive Director of

7    Debt Buyers Association and the two new corporations are named as

8    defendants as the assets of the Debt Buyers Association may or may have

9    been used improperly and the non profit organization may no longer have

10   assets.

11   13. Does 1- 1000  - Members and others who have benefited by the

12   plan to use a mutual benefit corporation in order to avoid directly being in

13   violation of the Penal Codes of California and other states, and others who

14   have been responsible for causing damages.  By attending the members

15   may have been in violation of anti-trust statutes.

16                              **DAMAGES**

17        Plaintiff has spent much time and expended only *some money* to

18   defend against the litigation filed supposedly by banks issuing credit cards.

19        Plaintiff asks for damages from the Banks involved for intentional

20   tort of providing data to attorneys that enabled them to file actions to

21

1    collect amounts in excess of the amounts of whatever debt might have been

2    actually due and payable to the bank.

3         Plaintiff asks compensatory damages, penalties, and /or punitive

4    damage be assessed against the Debt Buyer Association, its officers and /or

5    others yet to be discovered for providing services that violate the Penal

6    Code of the State of California to assisting in this misdemeanor.

7         Plaintiff asks for compensatory damages from attorneys and others

8    to the extent that there acts have caused these damages and personal gain of

9    each resulting from those acts and that these compensatory damages be

10    based on time (at $400 an hour) and that these damages were; in year 2004

11    $ 72,000; in 2005 $72,000; in 2006 $124,800; and in 2007 to date $16,000.

12    Expenses were approximately $500 per year except only $20 to date in

13    2007.

14         Plaintiff asks too that punitive damages be awarded and that those

15    damages take into account that the acts of the defendants have caused great

16    damage to health and well being of plaintiff that extended from 2004 and

17    may continue for an additional number of years while this matter continues

18    in the courts. No only has plaintiff suffered but by reason of the litigation

19    plaintiff's wife has been denied aid and comfort while dependant on care

20    giving services of her husband. Plaintiff asks $2,000,000 punitive damages

1   damages be assessed so that others by reason of this award might benefit by

2   the example provided by this court.

3                               **RELIEF**

4          Plaintiff asks the Court to rule on the questions of law and instruct

5   the State and / or state courts as to the facts and law to find that law and

6   proceedings in the State Court have been in violation of Plaintiff's rights

7   under Amendment XIV of the Constitution of the United States and such

8   statutes as may be applicable. Plaintiff asks also that this Court assess and

9   assign damages against parties for infringement based on the negligence

10  and malfeasance of the parties and provide a final disposition of these cases

11  for which final disposition has not been provided by the Appellant Division

12  of the Superior Courts.

13         In assessing damages Plaintiff asks the Court to take into account

14  that unless curtailed organizations facilitating the sale of consumer debt and

15  the purchase of chose in action for the purpose of collection in the courts

16  will continue to grown. This will place a burden on the judicial system and

17  cause great harm to persons who are unable to defend in court.

18                          TRIAL BY JURY

19         Plaintiff is not an attorney and would be unable to conduct a jury

20  trial, - but asks for jury trial as counsel still might be found who would be

21  willing accept this burden.

23

1                                   VERIFICATION

2    I, Ross Shade, am the plaintiff in this case, have prepared the forgoing

3    COMPLAINT and know the contents thereof. If asked to testify as to the

4    matters contained therein I would do so and do now declare under penalty

5    of perjury under the laws of California that forgoing information is true

6    and correct and that this declaration is signed in the city of Woodland,

7    County of Yolo on this January _10_ 2007

8

9                              Ross Shade

24