IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

    Plaintiff,

v.

SUPERIOR COURT OF
COUNTY OF YOLO and
STATE OF CALIFORNIA,

    Defendants.

No. CIV S-07-0070 FCD DAD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

/

    Plaintiff, proceeding pro se, has filed an action alleging deprivation of rights under the United States Constitution. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the application will be granted. However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it lacks an arguable basis either in

1

law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Nonetheless, the court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a civil complaint filed in federal court must meet the following requirements:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give each of the defendants fair notice of the plaintiff's claims against that defendant.  See Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

In the present case, the pro se plaintiff has filed an amended complaint.  Under the Federal Rules of Civil Procedure, a plaintiff has a right to amend his or her complaint "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  An amended complaint filed as a matter of course supersedes the original complaint, and the original pleading no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  See also Local Rule 15-220.  The amended complaint filed in this case on April 27, 2007

has been filed as a matter of right and has superseded plaintiff's original complaint.  The court will therefore review plaintiff's amended complaint under the standards set forth above.

The caption of the amended complaint lists two defendants:  Superior Court of Yolo County and State of California.  The first sentence of the pleading describes the case as an "action for declaratory relief made necessary because of deprivation of rights under the Constitution."  (Am. Compl. at 1.)  Under the heading "BACKGROUND," plaintiff expresses at length his views on banking practices, debt collection, attorneys, California's judicial system, and Yolo County Superior Court proceedings.  (Id. at 1-12.)  He states that he is 79 years old, became destitute in August 2003, stopped making payments on his credit card balances, was sued in Yolo County Superior Court several times, and defended against the suits on the theory that the court lacked subject matter jurisdiction because "the banks had securitized the account balances and are no longer the *real parties in interest*."  (Id. at 1-5.)  He states further that judgments were entered against him and he appealed each case to the appellate division of the Yolo County Superior Court.  (Id. at 5-7.)  Plaintiff indicates that his petitions for writs in the California Court of Appeal, the California Supreme Court, and the United States Supreme Court have been rejected.  (Id. at 7-8.)  Plaintiff contends that he has been denied equal protection of the law.  (See id. at 1 and 5-6.)

The background section of the complaint is followed by a section titled "QUESTIONS PRESENTED," which concludes with a one-sentence request for relief.  Plaintiff's questions are as follows:

> #1:   Where the reviewing court reviews civil (limited) cases, and reviewing court is made up of only judges of the same court from which appeal is taken, does this violate defendant's fundamental rights? . . . .
>
> #2:   Has Plaintiff's fundamental rights been violated where, as is one of an increasing number of older citizens who become delinquent on payment of credit card debt, plaintiff is unable to obtain an attorney to assist in defense or alternative assistance such as an Ombudsman and/or alternative resolution? . . . .

> #3: Has Plaintiff's fundamental rights been violated where because this is a debt collection case involving credit card debt, the case is treated differently than cases involving other than debt collection for amounts of more than just nominal amount? . . . .
>
> #4: When authorities in California fail to police the actions of unscrupulous attorneys who while in Nevada form collaborative arrangements resulting violation [sic] of the State Bar Act of California, should not Federal Courts have the jurisdiction to police this form of organized crime fomented by the Debt Buyers Association to circumvent rules against common barratry set forth in statute?
>
> #5: Has Plaintiff's fundamental rights been violated where a judge of the Appellant [sic] Division of the Yolo Superior Court is not independent by reason of prior knowledge or association with the parties or case they are to hear when in fact California law even exempts judges of the Appellant [sic] Division from even peremptory challenges on this basis? . . . .
>
> #6: The Superior Court of the County of Yolo is striving to become better able to provide justice but has problems that it have not yet been overcome [sic]. . . . Until fairness is restored as the ultimate purpose of the law, will the United States District Court undue [sic] the harm that has been caused Plaintiff?

(Id. at 12-15 (emphasis in original).) Plaintiff's prayer for relief is that "this Court rule on the questions asked and provide such justice that can be had." (Id. at 15.)

The undersigned finds that plaintiff's amended complaint fails to state any claim upon which relief may be granted by this court. First, plaintiff is advised that federal district courts do not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (explaining that the Rooker-Feldman doctrine prohibits a federal district court from exercising jurisdiction over a suit that is "a de facto appeal from a state court judgment"); Bianchi v. Rylaarsdam, 334 F.3d 895, 900 & n.4 (9th Cir. 2003) (holding that federal courts may not examine claims that are inextricably intertwined with state court judgments, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles").

Second, although violations of federal constitutional rights by state actors are generally cognizable under 42 U.S.C. § 1983, such claims may not be brought in federal court against a State or a state official unless the State has waived Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979) (holding that § 1983 does not override a State's Eleventh Amendment immunity). The United States Supreme Court has held that Eleventh Amendment immunity extends to "arms of the state." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The Superior Court of the State of California is a State agency and therefore an arm of the state such that a suit against the Superior Court is a suit against the State, barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). The State of California and its agencies, including state courts, have not waived Eleventh Amendment immunity. Accordingly, plaintiff's claims against the State of California and the Yolo County Superior Court are barred by the Eleventh Amendment.[1] Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

In his original complaint, plaintiff sought damages against dozens of judicial officers. Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). Thus, state judges are entitled to absolute judicial immunity from damages arising from acts performed in their official capacities and within their jurisdiction, however erroneous the acts may have been, and however injurious their consequences may have been. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). See also Garrett v. Lazzarini, No. C 03-0821 MMC, 2003 WL 21439218, at *2 (N.D. Cal. June 5, 2003).

---

[1] Even if Eleventh Amendment immunity did not bar plaintiff's claims against the State of California, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

5

1        For the reasons set forth above, plaintiff's amended complaint should be
2 dismissed for failure to state a claim upon which relief may be granted.  Given the nature of the
3 defects in plaintiff's claims, it appears clear that granting leave to amend a second time would be
4 futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co.
5 v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).
6        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's January
7 11, 2007 application to proceed in forma pauperis is granted; and
8        IT IS RECOMMENDED that this action be dismissed with prejudice.
9        These findings and recommendations will be submitted to the United States
10 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
11 ten days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court.  A document containing objections should be titled "Objections to
13 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
14 objections within the specified time may, under certain circumstances, waive the right to appeal
15 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: November 16, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/shade0070.ifpgr.f&r